UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES LEMONS, III, | ) | CASE NO. 4:09 CV 26 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| THOMAS ALTIERE, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Charles Lemons, III filed this civil rights action against Trumbull County Sheriff Thomas Altiere, Nurse Carla Oles, and Dr. Malvasi.  In the complaint, plaintiff objects to conditions of his confinement.  He seeks monetary damages.

**Background**

Mr. Lemons complains of numerous conditions in the Trumbull County Jail.  He claims that cold air blows from the vents all day, the showers contain mold, the knobs are missing from the sinks in the cells, and the water in the shower is always cold.  He claims the showers face the control booth allowing female corrections officers to see male prisoners in the shower.  Mr. Lemons also contends he has fingernail fungus which has not been properly treated.  He states he has to fill out 17 medical request forms to be seen by the doctor.  He claims Nurse Oles decides

which prisoners will see the doctor.  He indicates she made a decision to deny a physician visit to an inmate who later died.  Mr. Lemons claims he is always threatened with loss of visits and commissary privileges.  He contends some prisoners are forced to sleep on the floor, and prisoners are being "tazed for no reason."  Mr. Lemons states that mental health prisoners are not separated from the general population.  He states that he does not get responses to his grievances.  If he asks too many questions about the grievance he will be placed in segregation where prisoners have contracted staph infections.  He claims meal trays are always cold.  Finally, Mr. Lemons contends he has stomach ulcers for which Dr. Malvasi prescribed a blue and white pill.  He was not familiar with that pill and questions whether it has been approved by the FDA.  He seeks $ 300,000.00 in damages.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, the claims against

---

[1]    An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Nurse Oles and Dr. Malvasi are dismissed pursuant to §1915(e).

Mr. Lemons claims that Nurse Oles failed to refer another inmate to the physician and the prisoner subsequently died.  He lacks standing to raise this claim.  A party must assert his own legal rights and interests, and cannot his claim to relief on the legal rights or interests of third parties.  Warth v. Seldin, 422 U.S. 490, 499 (1975);  Allstate Insurance Co. v. Wayne County, 760 F.2d 689, 693 (6th Cir. 1985).  The fact that Mr. Lemons may be collaterally affected by the adjudication of another's rights does not necessarily extend the court's Article III powers to him. Allstate Insurance Co., 760 F.2d at 692.

The remainder of Lemons's complaint fails to state a claim for cruel and unusual punishment against Nurse Oles and Dr. Malvasi.  "Deliberate indifference" by prison officials to an inmate's serious medical needs constitutes "unnecessary and wanton infliction of pain" in violation of the Eight Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Although the Eighth Amendment's protections apply specifically to post-conviction inmates, see Barber v. City of Salem, Ohio, 953 F.2d 232, 235 (6th Cir.1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees. Thompson v. County of Medina, Ohio, 29 F.3d 238, 242 (6th Cir.1994); see also Molton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir.1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

The Supreme Court has adopted a mixed objective and subjective standard for ascertaining the existence of deliberate indifference in the context of the Eighth Amendment.  The

objective component of the test requires the existence of a "sufficiently serious" medical need. Blackmore v. Kalamazoo County, 390 F.3d 890, 895 (6th Cir. 2004). A sufficiently serious medical need is predicated upon the inmate demonstrating that he or she "is incarcerated under conditions imposing a substantial risk of serious harm." Id.  The subjective component, by contrast, requires a showing that the prison official possessed "a sufficiently culpable state of mind in denying medical care." Id.  An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm.  Id. at 837.  Mere negligence in diagnosing or treating a medical condition does not state a valid Eighth Amendment claim.  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Id.

Mr. Lemons fails to assert an Eighth Amendment claim against either Nurse Oles or Dr. Malvasi.  He claims that Nurse Oles screens prisoners who report to sick call and makes referrals to physicians.  He contends Dr. Malvasi prescribed a blue and white pill which he had never seen before.  There are no facts alleged in the instant complaint, even liberally construed, reasonably suggesting these two defendants engaged in conduct tantamount to the sort of "unnecessary and wanton infliction of pain" necessary to give rise to a valid Eighth Amendment claim.  Estelle, 429 U.S. at 105.

### Conclusion

Accordingly, plaintiff's claims against Nurse Oles and Dr. Malvasi are dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  This action shall proceed solely on

plaintiff's claims against Sheriff Altiere concerning the conditions of confinement in the Trumbull

County Jail.  The Clerk's Office is directed to forward the appropriate documents to the U.S.

Marshal for service of process and shall include a copy of this order in the documents to be served

upon the defendant**.**

IT IS SO ORDERED.


 s/Peter C. Economus 3/19/2009
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE