UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES LEMONS, III., ) | Case No. 4:09CV26 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | GEORGE J. LIMBERT |
| ) | |
| THOMAS ALTIERE, et al., ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendants. ) | |

The matter is before the Court on Defendant Thomas Altiere's (Defendant) motion for summary judgment. ECF Dkt. #34. For the following reasons, the Court GRANTS summary judgment in favor of Defendant and DISMISSES Plaintiff's complaint in its entirety. *Id*.

## I. PROCEDURAL HISTORY

On January 6, 2009, Plaintiff, *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 asserting Eighth Amendment violations by: Defendant Thomas Altiere, Sheriff of Trumbull County, Ohio; Carla Oles, a Licensed Practical Nurse who is employed by Dr. Phillip Malvasi and who as part of her nursing duties, provides care at the Trumbull County Jail; and Dr. Phillip Malvasi, a doctor retained by Trumbull County to provide medical care to those in the Trumbull County Jail (Jail). ECF Dkt. #1 at 1; ECF Dkt. #34 at 9; ECF Dkt. #36.

On March 19, 2009, the Honorable Peter C. Economus dismissed Plaintiff's claims against Ms. Oles and Dr. Malvasi and ruled that his complaint would proceed solely on Plaintiff's claims against Defendant Altiere concerning the conditions of confinement in the Jail. ECF Dkt. #8.

On May 20, 2009, the parties consented to the undersigned' jurisdiction. ECF Dkt. #23. On July 20, 2009, Defendant filed the instant motion for summary judgment. ECF Dkt. #34. On August 21, 2009, Plaintiff filed a response in opposition to the motion for summary judgment. ECF Dkt. #38. On August 24, 2009, Defendant filed a reply. ECF Dkt. #40.

**II**. **STANDARD OF REVIEW**

The function of summary judgment is to dispose of claims without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other trier of fact. *Schultz v. Newsweek, Inc.*, 668 F.2d 911, 918 (6th Cir. 1982). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C).

The party moving for summary judgment has the burden of showing there exists no genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This burden can be discharged by showing that the nonmoving party has failed to establish an essential element of his case, for which he bears the ultimate burden of proof at trial. *See e.g., Catrett v. Celotex Corp.*, 477 U.S. 317, 323 (1986); *Morales v. Am. Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir. 1995). The evidence and all the inferences that can reasonably be drawn therefrom must be read in the light most favorable to the nonmoving party. *Id.*

If the moving party meets his burden, the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* Fed. R. Civ. P. 56(e). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

In ruling on a motion for summary judgment, the court is not obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. *Interroyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Therefore, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the record specifically called to its attention by the parties. *Staats v. United States*, No. C-3-99-174, 2001 WL 1135056, *3 (S.D. Ohio Mar. 12, 2001), unreported; *Interroyal Corp. v. Sponseller*, 889 F .2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990).

### III. LAW AND ANALYSIS

#### A. FAILURE TO EXHAUST/42 U.S.C. §1997(E)(A)

Defendant first contends that 42 U.S.C. § 1997(e)(a) compels the dismissal of Plaintiff's complaint against him because Plaintiff has failed to exhaust his available administrative remedies for all of the claims that he alleges in the complaint. ECF Dkt. #34 at 13-15. Defendant cites to his own affidavit in which he attests that during Plaintiff's incarceration at the Jail, Plaintiff filed only one grievance in January 2009 relating to cold shower water and cold air in his pod. *Id.*, citing ECF Dkt. #35 at 4. Defendant states that these complaints were resolved shortly after he filed it. *Id.*

The Prison Litigation Reform Act (PLRA) states that a prisoner cannot bring a cause of action with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 517, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). In *Jones v. Bock*, the United States Supreme Court overturned three specific rules imposed by the Sixth Circuit Court of Appeals on prisoners under the exhaustion requirement of the PLRA. In overturning one of the rules, the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 215-224. The Sixth Circuit has held that it is the defendant who shoulders the burden of raising and proving the affirmative defense of failure to exhaust. *Kramer v. Wilkinson*, 226 Fed. Appx. 461, 462 (6th Cir. 2007), unpublished.

The undersigned finds that Defendant fails to meet his burden of proving a lack of exhaustion. In his affidavit, Defendant merely states that at the Jail, an inmate can file a grievance under the Jail's grievance policy if he believes that his civil rights have been violated or that the Jail's conditions are unsafe or unsanitary. ECF Dkt. #35 at 4. While he attests that Plaintiff filed no other grievances except for the January 5, 2009 grievance relating to cold air in his cell and cold water in the shower, Defendant fails to identify the Jail grievance procedure and fails to provide a copy of said procedure to the Court. *Id.* Accordingly, the Court DENIES Defendant's motion for

-3-

summary judgment on the basis that Plaintiff failed to exhaust administrative remedies.

### B. OFFICIAL CAPACITY AND INDIVIDUAL CAPACITY CLAIMS

Defendant also asserts that he is entitled to summary judgment on Plaintiff's claims because Plaintiff has sued him in only an official capacity rather than in official and individual capacities and he has no notice of an individual capacity claim. ECF Dkt. #34 at 8. He contends that insofar as Plaintiff avers an individual capacity claim, he has received no notice because the course of proceedings in this case shows that Plaintiff has only sued him in an official capacity. *Id.* at 10. Defendant refers to Plaintiff's caption in the complaint and the allegations in the complaint which do not mention individual capacity and he states that Plaintiff's request for monetary and compensatory damages is insufficient by itself to provide notice of an individual capacity claim. *Id*. at 9-10.

The Court agrees with Defendant that Plaintiff's complaint does not clearly put him on notice of an individual capacity claim. However, Defendant's motion to proceed only on an official capacity claim is not well-taken because the Court must construe Plaintiff's pro se complaint liberally and otherwise finds that no prejudice will result from construing the complaint as stating both official and individual capacity claims. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999)(pro se pleadings are entitled to liberal construction); *Trapp v. U.S. Marshal's Serv.*, No. 04-3405, 139 Fed. Appx. 12, 2005 WL 1168439 (10th Cir. May 18, 2005), unpublished (arrestee stated claim for individual capacity in part because defendants were not prejudiced by failure to indicate they were sued in individual capacities as defendants raised qualified immunity as defenses).

In *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989), the United States Supreme Court held that States and their employees sued in their official capacities are not "persons" under § 1983 and therefore cannot be held liable for money damages. Subsequently, the Sixth Circuit held that *Will* required plaintiffs who sought damages under § 1983 to indicate clearly in their pleadings that they were suing state officials as individuals rather than as officials. *Wells v. Brown,* 891 F.2d 591, 592 (6th Cir. 1989). However, in *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001), the Sixth Circuit clarified that its ruling in *Wells* was not "a per se rule requiring § 1983 plaintiffs to affirmatively plead 'individual capacity' in the complaint." The *Moore* Court held that while it

was preferable that a plaintiff expressly plead the capacity in which he sues a defendant in order to state a claim under § 1983, "it is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice" of the intent to hold the defendant personally liable. *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001). The Sixth Circuit explained that the "course of proceedings" test considers the following factors in determining whether a defendant received sufficient notice of an individual capacity claim:

> the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability. *See Biggs*, 66 F.3d [56] at 61 [4th Cir. 1995]. The test also considers whether subsequent pleadings put the defendant on notice of the capacity in which he or she is sued. We are mindful of the timing of subsequent filings not, as the officers suggest, because they must be filed practically contemporaneous to the opinion, but rather to determine whether the parties are still in the early stages of litigation.

*Id.* at 772, fn. 1.

Upon review of the factors of "course of proceedings" test in this case, the Court finds that the nature of Plaintiff's claims are difficult to decipher against Defendant, but they do not appear to supply notice of an individual capacity lawsuit. He mentions the various alleged Eighth Amendment violations at the Jail and lists "Thomas Altiere, Sheriff," as a defendant, which signifies an official capacity claim. ECF Dkt. #1. However, he also requests "damages" and "compensation in specific amounts, which are available only against officials in their individual capacities.[1] Plaintiff also refers to Defendant as "Sheriff Thomas Altiere" in his response in opposition to Defendant's motion for summary judgment and alleges additional constitutional violations. ECF Dkt. #38. On March 10, 2009, Plaintiff also filed a document against "Sheriff Thomas Altiere" which he states is a "Motion for Respond[sic] to Summons of Violation of Constitutional Rights under State and Federal Law." ECF Dkt. #6. He repeats some of the alleged violations and adds others, and then states that "Sheriff Altiere" allows his staff to run the Jail and punish prisoners for no reason. *Id.*

---

[1] The Court is uncertain as to the specific amount requested by Plaintiff in his prayer for relief as he has written "$150,00,00 in damages" and "$150,00,00 in compensation". ECF Dkt. #1 at 2.

The Court finds that the nature of Plaintiff's claim or his subsequent filings under the "course of proceedings" test fails to put Defendant on notice of an individual capacity claim. However, the Court finds that no prejudice would result to Defendant from finding that he had notice of an individual capacity claim, especially since he raised qualified immunity as a defense and argues it in the instant motion for summary judgment. ECF Dkt. #33 at 2-3; *Trapp*, 2005 WL 1168439. Accordingly, the Court DENIES summary judgment in favor of Defendant on this issue and proceeds to an immunity analysis as to both official capacity and individual capacity claims.

### 1. OFFICIAL CAPACITY

Whether sued in his official capacity or his individual capacity or both, the Court GRANTS summary judgment in favor of Defendant and DISMISSES Plaintiff's complaint against him in its entirety with prejudice. ECF Dkt. #34.

A lawsuit against a county employee or official in his official capacity is a lawsuit against the county itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiffs can maintain § 1983 suits against counties because such suits against counties, unlike the State, are not barred by the Eleventh Amendment. *Monell v. Dept' of Soc. Servs. v. Monell*, 436 U.S. 658, 690 (1978). However, in order to establish liability against a municipality, such as Trumbull County in this case, Plaintiff cannot rely upon respondeat superior because a governmental entity is not liable under § 1983 merely for employing a tortfeasor. *Id.* Rather, Plaintiff must show that his alleged constitutional violations were caused by actions taken by Defendant that were performed under an official policy or custom of Trumbull County. *Id*. at 691. Thus, Plaintiff must "show[] that the unconstitutional policy or custom existed, that the policy or custom was connected to the county, and that the policy or custom caused his constitutional violation." *Napier v. Madison Cty., Ky.*, 238 F.3d 739, 743 (6th Cir. 2001). Plaintiff must show that "through its deliberate conduct, the municipality was the 'moving force' behind the alleged injury. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003).

A plaintiff may show the existence of an illegal municipal policy or custom through four avenues: (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Monell*, 436 U.S. at 694. Under an inaction theory, which Plaintiff claims here with Defendant failing to remedy the conditions of the prison and failing to train his employees; Plaintiff must show:

> (1) the existence of a clear and persistent pattern of [illegal activity];
>
> (2) notice or constructive notice on the part of the [defendants];
>
> (3) the [defendants'] tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and
>
> (4) that the [defendants'] custom was the 'moving force' or direct causal link in the constitutional deprivation.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005), citing *Doe v. Claiborne Cty.*, 103 F.3d 495, 508 (6th Cir. 1996)).

Here, Plaintiff points to no official policies or customs by Defendant or Trumbull County. He also fails to establish a direct causal link between his alleged injuries and any action or inaction on the part of Defendant or Trumbull County. Further, this Court declines to "engage in a generalized, open-ended inquiry whether a lack of proper training could have been the 'moving force' behind *some* constitutional violation that might be gleaned from the record." *Cherrington*, 344 F.3d at 646. Since Plaintiff fails to mention, much less establish, an official policy or custom on the part of Trumbull County, and fails to meet the requirements in order to show a theory of inaction which resulted in the deprivation of any constitutional rights, the Court GRANTS summary judgment in favor of Defendant in his official capacity and DISMISSES with prejudice all of Plaintiff's claims against Defendant in his official capacity.

### 2. **INDIVIDUAL CAPACITY**

Defendant also moves for summary judgment on any individual capacity claims against him, asserting that he is entitled to qualified immunity. ECF Dkt. #34 at 16. The doctrine of qualified immunity shields government officials performing discretionary functions from liability for civil

damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In reviewing whether qualified immunity applies, the Court, viewing the facts in the light most favorable to the plaintiff, determines whether: 1) the violation of a constitutional right has occurred; and 2) the constitutional right at issue "was clearly established at the time of defendant's alleged misconduct." *Grawey v. Drury,* quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Dunigan v. Noble*, 390 F.3d 486, 491 (6th Cir. 2004). Some courts, including the Sixth Circuit, have applied a third step to the qualified immunity analysis, also determining whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional right. *See e.g., Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003); *Sample v. Bailey,* 409 F.3d 689, 696 (6th Cir. 2005). The burden is on the plaintiff to show that the defendants violated his constitutional rights. *Williams v. Mehra*, 135 F.3d 1105, 1111 (6th Cir. 1998). The Court has the discretion to determine which of the prongs of the analysis to address first in light of particular circumstances of the case. *Pearson v. Callahan*, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009), receding from *Saucier v. Katz,* 553 U.S. 194, 201, 121, S.Ct. 2151, 150 L.Ed.2d 272 (2001).

As a pretrial detainee, Plaintiff does not enjoy the protections afforded by the Eighth Amendment to convicted prisoners. *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004). However, the Due Process Clause of the Fourteenth Amendment protects the substantive rights of pretrial detainees and the Eighth Amendment rights of convicted prisoners are analogized to those of pretrial detainees under the Fourteenth Amendment. *Id.; Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001). "The Constitution 'does not mandate comfortable prisons' but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. at 832, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The Eighth Amendment prohibits conditions of confinement that involve the wanton and unnecessary infliction of pain. *Rhodes*, 452 U.S. at 347-348. It restrains prison officials by prohibiting the use of excessive force on prisoners, and it also imposes duties upon these officials, requiring that they provide humane conditions of confinement, such as making sure that prisoners

receive "adequate food, clothing, shelter, and medical care," and taking reasonable measures to ensure the prisoners' safety. *Farmer*, 511 U.S. at 832, quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984).

However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987)(per curiam ). In order to state a viable Eighth Amendment claim, two requirements must be met. First, the objective component of the test requires that the deprivation be "sufficiently serious." *Farmer,* 511 U.S. at 834, quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Next, the subjective component of the test requires that the defendant act with deliberate indifference to an inmate's health or safety. *Farmer*, 511 U.S. at 834, citing *Wilson*, 501 U.S. at 302-303. Deliberate indifference for denying humane conditions of confinement occurs "when an official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Accordingly, prison officials cannot be held liable if they were unaware of risk to inmate health or safety, that they knew of underlying facts but believed that the risk was insubstantial or nonexistent, or that they knew of a substantial risk to inmate health or safety and responded reasonably to the risk, even if the harm was not ultimately averted. *Farmer*, 511 U.S. at 844.

In determining whether qualified immunity applies to bar Plaintiff's claims, the Court will first determine if Plaintiff has shown a constitutional violation. If he has, the Court will proceed to determine whether the constitutional right at issue was one which was clearly established at the time that Defendant violated it.

### a. **CLAIMS PERTAINING TO PRISON CONDITIONS**

Plaintiff alleges many unconstitutional conditions at the Jail, including cold air blowing in his pod twenty-four hours a day, mold in the showers, no hot water in the showers, cell sinks missing knobs, no hot meals, old and worn mattresses. ECF Dkt. #s 1, 38. In his affidavit, Defendant attests that Plaintiff filed a grievance as to the cold air in his pod and the lack of hot water in the shower. ECF Dkt. #35 at 4. He attests that shortly after Plaintiff filed his grievance, these conditions were

-9-

remedied. *Id.* Plaintiff provides no evidence to contradict this statement, but he does again mention the lack of hot water in the showers and the cold air in his pod in his response to the motion for summary judgment filed in August 2009, although he states that the cold air blows only in the winter months. ECF Dkt. #38 at 3. Plaintiff also admits that he was given blankets, but states that two blankets did not help the situation. ECF Dkt. #1 at 1.

The Court finds that Plaintiff's allegations regarding the lack of hot water and cold air in his pod are not sufficiently serious in order to warrant an Eighth Amendment violation. Plaintiff does not show that the cold temperature of his pod was ongoing, especially in light of his response to the motion for summary judgment filed in August 2009 that cold air blew in his pod in the winter months. ECF Dkt. #38 at 3. According to Defendant's affidavit, this condition was remedied after Plaintiff filed his grievance and Plaintiff fails to provide evidence to contradict this attestation. ECF Dkt. #35 at 4. In addition, Plaintiff admitted that he received two blankets when the cold air was blowing in his pod. ECF Dkt. #1. Moreover, mold in the shower, a lack of cleaning supplies, cell knobs missing from the sinks, and old and worn mattresses are not sufficiently serious deprivations rising to the level of an Eighth Amendment violation. Even if all of these conditions were ongoing, Plaintiff fails to connect his alleged injuries to these conditions. He mentions dry skin, and toenail and fingernail fungus, but he fails to establish that these conditions resulted from any of his alleged complaints. In addition, Plaintiff fails to establish any direct involvement by Defendant as to these conditions. Accordingly, the Court GRANTS summary judgment to Defendant as to these claims as Plaintiff has failed to establish sufficiently serious deprivations.

Plaintiff also alleges that he was required to sleep on the floor due to overcrowding at the Jail, but the United States Supreme Court has held that overcrowding does not violate the Eighth Amendment unless it deprives the inmate of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 348. The Sixth Circuit has held that requiring prisoners to sleep on the floor without also depriving them of essential food, basic sanitation, or safe temperatures does not rise to the level of an Eighth Amendment violation. *Brodak v. Nichols*, No 97-1688, 1998 WL 553032, at *1 (6th Cir. Aug.17, 1998), unpublished. Further, the Sixth Circuit has found no violation of the Eighth Amendment for the deprivation of a mattress for a fixed period of time in the absence of

evidence that a prisoner suffered a physical injury. *Grissom v. Davis*, 55 Fed. Appx. 756, 757 (6th Cir.b 2003). Here, Plaintiff does not allege that he was deprived of food, nutrients or safe temperatures while he slept on the floor. He also fails to inform the Court as to the length of time that he spent sleeping on the floor and he asserts no physical injury resulting from sleeping on the floor. Accordingly, the Court finds that this condition is not sufficiently serious to amount to an Eighth Amendment violation. The Court GRANTS summary judgment in favor of Defendant on this claim.

### b. **CLAIMS PERTAINING TO MEDICAL CARE**

Defendant moves for summary judgment on Plaintiff's claims that Defendant was deliberately indifferent to his serious medical needs. ECF Dkt. #34 at 24. A pretrial detainee, just like a prisoner, has a limited right to medical assistance while in custody. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Hollenbaugh v. Maurer*, 397 F.Supp.2d 894, 903 (N.D. Ohio 2005), quoting *Danese v. Asman*, 875 F.2d 1239, 1243 (6th Cir.1989) (quoting *Fitzke v. Shappell*, 468 F.2d 1072, 1076 (6th Cir.1972))(when "'circumstances are clearly sufficient to indicate the need of medical attention for injury or illness', anyone who is incarcerated, whether for a serious crime or to sleep off a drunk, has the due process right to adequate medical care"). In order to establish a violation of the right to adequate medical assistance, Plaintiff must show that Defendant, operating with deliberate indifference, exposed him to a substantial risk of serious harm to his health. *Farmer v. Brennan*, 511 U.S. 825, 828-829 (1994). In order to establish deliberate indifference, a plaintiff must show that the defendant knew of and disregarded a serious risk to his health. *Id.* at 837-838. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. A plaintiff "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id*. at 842. Further, in order to hold Defendant liable under 42 U.S.C. §1983 in his individual capacity as a supervisor, Plaintiff must show that Defendant himself either encouraged or participated in the specific incident of misconduct or show that he "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Shehee v. Luttrell*,

-11-

199 F.3d 295 (6th Cir. 1999), quoting *Hays v. Jefferson County, Kentucky*, 688 F.2d 869, 874 (6th Cir. 1992). "The individual liability of officials under section 1983 must be based on their own unconstitutional behavior-not merely the right to control the actions of employees or the failure to act." *Davis v. Fentress County Tennessee,* 6 Fed.Appx. 243, 250-251, No. 99-6320, 2001 WL 223625 at \*\*5 (6th Cir. Mar. 2, 2001), citing *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1246 (6th Cir.1990).

Plaintiff alleges that Defendant was deliberately indifferent to his medical needs because he approved Ms. Oles and Dr. Malvasi to work at the Jail and two prisoners died at the Jail. ECF Dkt. #1. He also avers that Ms. Oles makes all of the decisions for the Jail, no nurse is on duty twenty-four hours a day, and Ms. Oles has to approve which prisoners will see the doctor, prisoners have to fill out 17 request forms in order to see a doctor, and Ms. Oles is responsible for his fingernail and toenail fungus, ulcers, and foot fungus due to inadequate treatment. ECF Dkt. #1; ECF Dkt. #38.

The Court GRANTS summary judgment in favor of Defendant as to these claims. First, the undersigned notes the Judge Economus dismissed Plaintiff's § 1983 claims against Ms. Oles and Dr. Malvasi, finding that no facts in Plaintiff's complaint, even liberally construed, reasonably suggested that "these two defendants engaged in conduct tantamount to the sort of 'unnecessary and wanton infliction of pain' necessary to give rise to a valid Eighth Amendment claim." ECF Dkt. #8 at 4, quoting *Estelle*, 429 U.S. at 105. Since Judge Economus found that Plaintiff's complaints regarding his medical treatment did not rise to a constitutional violation against Ms. Oles and Dr. Malvasi, these same claims certainly cannot rise to a constitutional level against Defendant, who is far removed from any type of direct interaction with Plaintiff. *See Davis*, 2001 WL 223625, at \*\*5.

Moreover, Plaintiff cannot contradict Defendant's assertion in his affidavit that he had no contact with Plaintiff, he knew only of one grievance filed by Plaintiff about the cold water in the showers and cold air in his pod, and he was not aware or informed of any medical problems of Plaintiff or that he required any medical assistance. ECF Dkt. #35 at 4. Defendant further states that he does not tolerate or allow any medical treatment to be denied to inmates. *Id*. at 3. Ms. Oles attests in her affidavit that Plaintiff received medical treatment on at least twenty-five occasions for

-12-


alleged nail fungus and dry skin and at least twenty medical visits for an alleged stomach ailment. ECF Dkt. #36 at 1-2. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) quoting *Westlake v. Lucas*, 537 F.2d 857, 860, n. 5 (6th Cir.1976).

Since Plaintiff cannot establish a constitutional violation with regard to the medical treatment that he received, and he cannot establish any involvement by Defendant in that medical treatment, the Court GRANTS summary judgment in favor of Defendant on Plaintiff's medical claims.

In addition, the Court DISMISSES Plaintiff's claim that the Warren Police Department did not let him take his medication or take it with him to the Jail. ECF Dkt. #38 at 4. The Warren Police Department is not sued in this complaint and has no relation to this Defendant.

### c. **CLAIMS PERTAINING TO LEGAL MATERIALS**

Plaintiff also alleges that jail employees throw his mail away and that he is denied access to law books. ECF Dkt. #1; ECF Dkt. #38. These are alleged violations of Plaintiff's First Amendment right of access to the courts. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). In order to have standing to pursue such claims, "a prisoner must show prison officials' conduct inflicted an 'actual injury,' *i.e.*, that the conduct hindered his efforts to pursue a nonfrivolous legal claim." *Rodgers v. Hawley*, 14 Fed. Appx. 403, 409 (6th Cir.2001) (citing *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996)); *see also Hadix v. Johnson*, 182 F.3d 400, 405-06 (6th Cir.1999) (explaining how *Lewis* altered the "actual injury" requirement previously announced by the Sixth Circuit). The Sixth Circuit explained in *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996), that "actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." In his complaint and response to the motion for summary judgment advancing these claims, Plaintiff fails to allege that he suffered actual injury from the throwing away of his mail or the lack of access to legal books. Plaintiff was able to file the instant action and numerous other documents in this case and no delays have been noted. Accordingly, his First Amendment claims fail as a

matter of law and the Court grants summary judgment in favor of Defendant.

### d. **CLAIMS PERTAINING TO JAIL STAFFING**

Plaintiff also claims that: Defendant is not at the Jail on a daily basis; no nurse is on duty twenty-four hours a day at the Jail; Jail staff are inadequately trained; and showers are facing the control booth in the Jail and a female officer walked through the shower while Plaintiff was naked. Plaintiff does not allege an injury resulting from an alleged failure of Defendant to be present at the Jail on a daily basis and furthermore he cannot establish that Defendant is not at the Jail on a daily basis. ECF Dkt. #35 at 4. As to Plaintiff's allegation that no nurse is on duty twenty-four hours a day and a prisoner died, Plaintiff does not have standing for others in asserting constitutional claims. Plaintiff alleges no injury of his own resulting from the absence of a nurse at the Jail twenty-four hours per day and Ms. Oles stated in her affidavit that she is on call at the Jail and available to respond to medical issues on a twenty-four hour seven day a week basis. ECF Dkt. #36 at 2. Plaintiff fails to rebut this assertion. These claims therefore fail and Defendant is entitled to summary judgment.

As to the training of officers, Defendant attested in his affidavit that correction officers and assistant wardens employed at the Jail receive training and he outlined the training that they have received. ECF Dkt. #35 at 2. Plaintiff fails to rebut this assertion. His claims relating to inadequately trained staff therefore fail.

With regard to showers facing the control booth and a female officer walking through the shower while Plaintiff was naked, Defendant attested that there was and is no policy or custom at the Jail of female officers observing male inmates while they shower. ECF Dkt. #35 at 2. He further stated that if he were advised or learned of such a circumstance, he would remedy the situation. *Id.* at 3. Plaintiff provides no evidence to the contrary which would raise a genuine issue of material fact as to Defendant's lack of deliberate indifference on this issue.

### e. **CLAIMS PERTAINING TO ALLEGED THREATS AND TASERING**

Plaintiff claims that inmates are tasered for no reason and are threatened with the loss of commissary visits. However, Defendant attests that he does not tolerate or allow inmates to be

tasered for no reason or to be threatened. ECF Dkt. #35 at 3. Plaintiff provides no evidence to contradict these statements and he fails to show any involvement by Defendant. Nor does Plaintiff state that *he* was tasered or lost his commissary visits and he fails to describe any circumstances which involved officers tasering him or losing commissary visits. Plaintiff also fails to allege any injury resulting from being tasered or losing commissary visits.

### f. CLAIMS PERTAINING TO RACISM AND ADMINISTRATIVE SEGREGATION

The same analysis applies to Plaintiff's allegation of racism and being placed in administrative segregation, as well as his allegations about phone calls limited to five minutes, no recreation time, twenty-four hour lockdowns and no television. Plaintiff fails to explain whether the assertions of no recreation time, twenty-four hour lockdowns and no television occur in the Jail itself or in administrative segregation. Nevertheless, he fails to establish that Defendant was aware of any of these conditions. Further, Defendant attests that he knew of no grievances filed by Plaintiff except for the one concerning the cold water in the shower and cold air blowing into his pod. ECF Dkt. #25 at 4. Plaintiff does not state that he filed grievances regarding racism in the Jail, administrative segregation, or any of his other complaints at any time. In addition, Plaintiff fails to allege any injury resulting from limited phone calls and a lack of television and in fact contradicts the no television allegation in his complaint when he states that "to sit in the little day room to watch t.v. you have to have a blanket on to watch t.v." ECF Dkt. #1 at 2.

### g. CLAIMS PERTAINING TO MENTAL HEALTH INMATES

Plaintiff also asserts that mental health inmates are not separated from the general population at the Jail. The Court GRANTS summary judgment in favor of Defendant on this claim because Defendant attests in his affidavit that he does not allow such a condition and Plaintiff fails to provide evidence to refute his statement. ECF Dkt. #25 at 2-3. Further, Plaintiff does not allege an injury resulting from his placement as a mental health inmate in the general population. His claim therefore fails.

-15-

### h. **CLAIMS PERTAINING TO GRIEVANCE PROCESSING**

Finally, Plaintiff complains that the Jail does not respond to grievances and he and others are placed in administrative segregation when inquiring about the status of a grievance. The Court GRANTS summary judgment in favor of Defendant as to these claims as well. Defendant states in his affidavit that he does not ignore any complaints or grievances filed by inmates and he does not tolerate discipline for inquiring about grievances. ECF Dkt. #35. He indicates that he knew of only one grievance filed by Plaintiff, that of cold air in his pod and cold water in the showers. *Id.* Plaintiff fails to establish that he filed other grievances or that any of his grievances went unanswered. Further, Plaintiff fails to contradict Defendant's statements that he does not tolerate or support such actions in order to show a genuine issue of material fact as to Defendant's deliberate indifference. In addition, Plaintiff fails to state a §1983 claim against Defendant based upon supervisory liability if he is alleging that as sheriff, Defendant was the supervisor of those who failed to respond to his alleged grievances. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)("Section 1983 liability will not be imposed solely upon the basis of respondeat superior"). Plaintiff fails to establish any personal involvement or encouragement by Defendant in the administrative process or his implicit authorization, approval or knowing acquiescence in the failure to respond to his grievances. *Id*. Nevertheless, even if Plaintiff did show such conduct, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, No. 04-1347, 128 Fed.Appx. 441, 445, 2005 WL 742743 (6th Cir. Apr. 1, 2005), unpublished. Defendant here is not subject to a § 1983 action simply because he denied a grievance or failed to act based upon information contained in the grievance. *Nwaebo v. Hawk-Sawyer*, No. 03-3801, 83 Fed. Appx. 85, 2003 WL 22905316 (6th Cir. Nov. 28, 2003), unpublished, citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); see also *Martin v. Harvey*, No. 00-1439, 14 Fed. Appx. 307, 307, 2001 WL 669983 (6th Cir. June 7, 2001), unpublished ("[t]he denial of the grievance is not the same as the denial of a request to receive medical care.").

### IV. **CONCLUSION**

The Court GRANTS Defendant's motion for summary judgment (ECF Dkt. #34) and DISMISSES Plaintiff's claims against him with prejudice since Plaintiff fails to state a claim against

Defendant in his official capacity and since Plaintiff's individual capacity claims fail to establish constitutional violations. Further, since no other claims or Defendants remain in this case, the Court ORDERS that Plaintiff's complaint be dismissed. ECF Dkt. #1.

    IT IS SO ORDERED.

Date: October 8, 2009                  */s/ George J. Limbert*
                                                GEORGE J. LIMBERT
                                                UNITED STATES MAGISTRATE JUDGE